USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GALO GARCIA,

                Petitioner,

    - against -

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

04 Civ. 6020 (RMB) (GWG)

**DECISION & ORDER**

## I.   Background

On or about July 6, 2004, pro se petitioner Galo Garcia, Jr. ("Garcia" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") against the United States of America ("Respondent") seeking to "vacate, set aside, or correct" his July 7, 2003 sentence of 135 months incarceration, following his March 21, 2003 guilty plea for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). (See Petition at 1, 3, 5.) On July 7, 2003, this Court sentenced Garcia to 135 months of imprisonment. (Sentencing Transcript, dated July 7, 2003 ("Sent. Tr."), at 8.) Garcia's Plea Agreement ("Plea Agreement"), dated February 21, 2003, had stipulated that Garcia would not "file a direct appeal from, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Guidelines Range of 135 to 168 months." (Plea Agreement at 4.) Garcia did not file a notice of appeal.

Petitioner alleges, among other things, that (1) he was "[d]enied [his] Sixth Amendment Right to [a] Jury Trial" because he "was not informed that [he] had a right to a jury trial for the gun enhancement" and (2) his trial counsel was "ineffective" for his failure to file an appeal notice even though Petitioner "instructed counsel to file an appeal." (Petition at 5.)

On or about October 15, 2007, Respondent filed a Memorandum of Law in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 ("Resp't Mem.") arguing, among other things, that (1) "Petitioner adopts a mistaken view of the Court's holding in [Blakely v. Washington, 542 U.S. 296 (2004)], and its subsequent holding in United States v. Booker, 543 U.S. 220 (2005)" because "Booker does not apply retroactively to cases, such as this one" (Resp't Mem. at 11, 12); and (2) Petitioner's claim "that he directed his attorney to file an appeal on his behalf . . . can be summarily dismissed" because "Petitioner's then-counsel has submitted an affidavit that flatly contradicts the Petitioner's assertion"; "aside from [Petitioner's] bare assertion, there is literally nothing in the record to suggest that the Petitioner can carry his burden of showing that he directed that a notice of appeal be filed"; and, in any event, "Petitioner entered into a Plea Agreement in which he agreed to forego his right to appeal or collaterally challenge any sentence within a stipulated sentencing range" of 135 to 168 months. (Id. at 12-14.)

On or about March 14, 2008, United States Magistrate Judge Gabriel W. Gorenstein, to whom the matter had been referred, issued a thorough and thoughtful Report and Recommendation ("Report"), recommending that the Court deny the Petition because, among other reasons, (1) Petitioner "did not have a right to a jury trial with respect to the gun possession enhancement at the time of his sentence," pursuant to Blakely, because the "facts did not increase [his] sentence beyond the statutory maximum" (Report at 6-7); and (2) "the Court should find that there was no request to file a notice of appeal" because Petitioner's trial counsel, Thomas Nooter, "submitted an affidavit countering [Petitioner's] assertion regarding [Petitioner's] purported request to file a notice to appeal" that is "eminently credible" (id. at 8, 10) (internal quotations omitted); "[Petitioner] does not explain on what grounds he would have

expected his attorney to have appealed" (id. at 10); and "there is a plea agreement that specifically waives the right to appeal." (Id.)

On or about March 23, 2008, Petitioner submitted objections to the Report ("Objections"). On or about May 2, 2008, Respondent opposed Petitioner's Objections. (Letter from AUSA Edward C. O'Callaghan, dated May 2, 2008 ("Resp't Opposition"), at 2.)

**For the reasons stated below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Legal Standard

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). As to any portions of a magistrate judge's report to which no objections have been made, the district judge may adopt findings that are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Petition, Respondent's Memorandum, the Report, Petitioner's Objections,

3

Respondent's Opposition, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Magistrate Judge Gorenstein are supported by the record and the law in all respects.[1] See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court concludes that Petitioner's Objections provide no basis to depart from the Report's analysis and recommendations. See Rosa v. United States, 170 F. Supp. 2d 388, 409 (S.D.N.Y. 2001).

**(1) Jury Trial**

Petitioner alleges that "during [his] guilty plea [he] was not informed that [he] had a right to a jury trial for the gun enhancement," which "is a violation under Blakely." (Objections at 1.) Respondent argues that Petitioner "was correctly sentenced in accordance with the law at the time of his plea and the Supreme Court's ruling in [Booker] does not apply retroactively." (Resp't Opposition at 2 (internal quotations omitted).)

Judge Gorenstein correctly concluded that Petitioner "did not have a right to a jury trial with respect to the gun possession enhancement at the time of his sentence," (Report at 6, 7), because Petitioner's conviction became final on or about July 25, 2003 and Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005." See Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005). Even assuming that Booker had been decided before July 25, 2003, Petitioner's claim would fail because his sentence (of 135 months of imprisonment) does not exceed the statutory maximum sentence of

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4

"life imprisonment" for Count One of the Indictment. (Sent. Tr. at 8; Plea Agreement at 1.) Moreover, Petitioner conceded that he "possessed a firearm in connection with the offense," (Plea Agreement at 2), which "satisfies the constitutional requirements of an admission under Blakely," see United States v. Monslave, 388 F.3d 71, 73 (2d Cir. 2004).

### (2) Alleged Ineffective Assistance of Counsel

Petitioner argues that he "informed and instruct[ed] [his trial] counsel to file an appeal" and no appeal was filed; and that his trial counsel failed to consult with Petitioner regarding an appeal. (Objections at 2, 7.)[2] Respondent counters that the Court should reject Petitioner's claim because trial counsel's "description of events is eminently credible." (Resp't Mem. at 2 (internal quotations omitted).)

Judge Gorenstein properly concluded that "there is no reason to hold an evidentiary hearing on this matter [notice of appeal], and the Court should find that there was no request to file a notice of appeal" because Mr. Nooter's "detailed description of events [is] eminently credible" and "it [is] within the court's discretion to determine that more [is] not needed." (Report at 10); see also Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001). Moreover, Petitioner "received the sentence bargained for as part of the plea"; and he expressly waived his appeal rights. See Flores-Ortega, 528 U.S. at 480. During the plea allocution on March 21, 2003, and at sentencing on July 7, 2003, the following colloquy occured:

> Q [Court]: Mr. Galo Garcia, there is [a provision in the Plea Agreement which] waives your appeal rights in the event that you are sentenced to within or below what's called the stipulated guideline range of 135 to 168 months. Do you realize that?

---

[2] Petitioner also contends for the first time in his Objections that his trial counsel "told [him] that he would receive a lesser sentence [than he actually received]." (Objections at 2.)

5

> A [Petitioner]: (In English) Yes.
>
> Q [Court]: And do you agree with that?
>
> A [Petitioner]: (In English) Yes.
>
> \* \* \*
>
> Q [Court]: You agree not to appeal or otherwise litigate under 28 United States Code Section 2255 or 2241 any sentence that is within or below what is referred to in that agreement as the stipulated sentencing guideline range of 135 to 168 months, and this sentence is within that range . . . Do you understand your appeal rights?
>
> A [Petitioner]: Yes.

(Plea Allocution Transcript, dated March 21, 2003 ("Plea Tr."), at 13-14, 30-31); (Sent. Tr. at 11.)

As noted, Petitioner argues that trial counsel "told [Petitioner] that he would receive a lesser sentence [than he actually received]." (Objections at 2.) Because Petitioner did not raise this claim in his habeas Petition, he "may not raise it for the first time in his Objection to the magistrate's Report." Nuetzel v. Walsh, No. 00 Civ. 8776, 2006 WL 2742000, at *3 (S.D.N.Y. Sept. 26, 2006); DiGiso v. United States, No. 90 Civ. 3523, 1990 WL 134887, at *2 (S.D.N.Y. Sept. 11, 1990). Assuming, arguendo, this claim were timely, it fails because, among other reasons, Petitioner previously confirmed that no one, including his attorney, "made any promise to [him] as to what the sentence [was] going to be in [his] case" and he agreed "that the sentence

to be imposed upon [him] is determined solely by [the Court]." (Plea Tr. at 28, 32.)[3]

IV. **Certificate of Appealability**

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. See Lozada v. United States, 107 F.3d 1011, 1014-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

V. **Conclusion and Order**

For the reasons stated herein and therein, the Report is adopted in its entirety and the Petition is dismissed. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
June 17, 2008

*RMB*

RICHARD M. BERMAN, U.S.D.J.

---

[3] Petitioner does not demonstrate that he could raise "nonfrivolous challenges on appeal, [and] the Court determines that a rational defendant finding himself in like circumstances would not have wanted to appeal." Lebron v. United States, Nos. 06 Civ. 5049, 03 Cr. 570, 2007 WL 1159646, at *5 (S.D.N.Y. Apr. 18, 2007).

7